George Haines, Esq.  
Nevada Bar No. 009411  
David Krieger, Esq.  
Nevada Bar No. 009086  
Micheal J. Brock, Esq.  
Nevada Bar No. 009353  
HAINES & KRIEGER, L.L.C.  
1020 Garces Ave.  
Las Vegas, NV 89101  
(702) 880-5554  
info@hainesandkrieger.com  
*Attorneys for Octavio Gutierrez and Maria T. Gutierrez*

E-FILED: March 18, 2010

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) |
| | ) Case No.: BK-S-10-11910-LBR |
| OCTAVIO GUTIERREZ and MARIA T. GUTIERREZ, | ) Chapter 13 |
| | ) |
| | ) |
| | ) Adv. Proc. No.: |
| OCTAVIO GUTIERREZ and MARIA T. GUTIERREZ, | ) |
| | ) |
| Plaintiffs/Debtors, | ) |
| | ) **ADVERSARY COMPLAINT** |
| v. | ) |
| NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation; U.S. BANK, N.A., a foreign business entity; DOE INDIVIDUALS I through X, and ROE CORPORATIONS I through X, | ) |
| | ) |
| Defendants. | ) |

///

///

1

## ADVERSARY COMPLAINT

COME NOW, Plaintiffs/Debtors OCTAVIO GUTIERREZ and MARIA T. GUTIERREZ (hereinafter "Plaintiffs"), by and through their attorneys, the law firm HAINES & KRIEGER, LLC, and hereby complain and allege against the Defendants as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1334(b); 11 U.S.C. §§ 105 and 108; and NRS 107.080. See In re. Butner, 440 U.S. 48, 55-56 (1979). This proceeding is a core proceeding and jurisdiction is further proper pursuant to 28 U.S.C. § 157(b)(2) (A), (B), (C), (K) and (O). To the extent applicable, Plaintiffs consent to the entry of final order(s) and judgment(s) by this Court on any non-core claims. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) because the bankruptcy case to which this action relates is pending before this Court in this District.

## PARTIES

2. Plaintiffs are and were at all times relevant hereto, residents of Clark County, Nevada and the owners and mortgagors of that certain owner-occupied residential real property located in Clark County, Nevada as more particularly described on the last vesting deed, which legal description contained therein is incorporated herein by this reference, also known as: 9719 Running Rabbit Street, Las Vegas, Nevada 89143; Clark County Assessor Parcel No. 125-05-311-082 (hereinafter the "Subject Property").

3. Upon information and belief, Defendant NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation (hereinafter "NDSC"), is and was at all times relevant hereto authorized to conduct business in Clark County, Nevada and is and was

the trustee conducting the foreclosure sale which gave rise to the AB 149 mediation (hereinafter referred to as "Mediation").

4. Upon information and belief, Defendant U.S. BANK, N.A., a foreign business entity (hereinafter "US Bank"), is and was at all times relevant hereto, the beneficiary or purported beneficiary who participated in the Mediation, as described hereafter. Upon further information and belief, US Bank is not the beneficiary to the deed of trust encumbering title to the Subject Property, and is therefore not a real party in interest.

5. Plaintiffs are informed and believe and therefore allege that the true names and capacities whether individuals, corporate entities, associates or otherwise of DOES I through X and ROE CORPORATIONS I through X are presently unknown to Plaintiffs who therefore sue said Defendants by said fictitious names. Plaintiffs are informed and believe and therefore allege that each of the Defendants designated as DOE and ROE are responsible in some manner for the events and happenings described in this Complaint, which proximately caused the damages to Plaintiffs as alleged herein. Plaintiffs will seek leave of this Court to amend the Complaint to insert the true names and capacities of the DOE and ROE parties and state appropriate charging allegations when that information has been ascertained.

## GENERAL ALLEGATIONS

6. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this Complaint, incorporate them by reference, and further allege as follows:

7. Plaintiffs occupy and reside at the Subject Property, and the Subject Property is their primary residence.

8. Plaintiffs received a notice of default and election to sell the Subject Property pursuant to NRS 107.080 from the Defendants, which notice was recorded on or about August 12, 2009 in the official records of Clark County, Nevada.

9. Plaintiffs timely filed an election of mediation pursuant to NRS 107 as amended by AB 149, Section 1 (2009) and Nevada Supreme Court Foreclosure Mediation Rule 5(5)(a) [as in existence at the time of Plaintiff's election].

10. NRS 107 as amended by AB 149, Section 1 (2009) establishes certain restrictions on the trustee's power of sale with respect to owner-occupied housing by providing a grantor of a deed of trust or the person who holds the title of record the right to request mediation under which he/she may seek a loan modification.

11. Once mediation is requested, no further action may be taken to exercise the power of sale until the completion of the mediation.

12. If any party fails to attend the mediation, fails to participate in the mediation in good faith or does not bring to the mediation each document required by the act or does not have the authority or access to a person with the authority required the act, the mediator may recommend sanctions.

13. The Court may issue an order imposing such sanctions against any party to the mediation proceedings as the Court determines appropriate, including, without limitation, requiring a loan modification in the manner determined proper by the Court.

14. Under NRS 107.080(5)(a) the trustee or other person authorized to make a foreclosure sale must substantially comply with that section. The requirements of that section include AB 149, Section 1 (effective July 1, 2009) and AB 140, Sections 6.7 and 7 (effective October 1, 2009).

15. On or about October 26, 2009, Mediation was conducted at the offices of Eva Garcia-Mendoza, Chtd. in Las Vegas, Nevada, Eva Garcia-Mendoza, Esq. serving as mediator. Defendants failed to participate in the Mediation in good faith, insofar as Defendants failed to provide the documents required pursuant to NRS 107.086(4) and Nevada Supreme Court Foreclosure Mediation Rule 5(7)(a). <u>See</u> Mediator's Statement, a true and correct copy of which is attached hereto as **Exhibit "1"**.

16. The Mediator prepared and submitted the Mediation Statement, which includes a finding of bad faith, to the Mediation Administrator on or about October 29, 2009.

17. Defendants have thus failed to participate in the mediation process in good faith, insofar as Defendants failed and/or refused to provide the required documentation.

18. On or about February 8, 2010, Plaintiffs filed a Chapter 13 bankruptcy case in this Court, bearing docket number BK-S-10-11910-LBR.

**FIRST CLAIM FOR RELIEF**
**(Judicial Review)**

19. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this Complaint, incorporate them by reference, and further allege as follows:

20. Defendants' conduct, as described above constitutes bad faith and/or failure to comply with the statutory requirements, thereby justifying the imposition of sanctions pursuant to NRS Chapter 107[1], as amended by AB 149 (2009), inclusive, and Nevada Supreme Court Foreclosure Mediation rule 5(7)(f) [amended 11/4/2009].

---

[1] AB 149 Section 1 states, in relevant part, as follows:

"5. If the beneficiary of the deed of trust or his representative fails to attend the mediation, fails to participate in the mediation in good faith or does not bring to the mediation each document required by subsection 4 or does not have the authority required by subsection 4, the mediator shall prepare and submit to the Mediation Administrator a petition and recommendation concerning the imposition of sanctions against the beneficiary of the deed of trust or

5

21. As a result of Defendants' conduct, sanctions are appropriate, as set forth below. Plaintiffs note that sanctions may include any sanctions available under NRS Chapter 107 and/or the Federal Rules of Bankruptcy Procedure, including but not limited to a loan modification in a manner to be determined by the Court, monetary sanctions, the assessment of fees and costs, and/or such other relief deemed appropriate by the Court after considering the evidence presented by the parties.

22. Plaintiffs hereby request that the Court order a modification of Plaintiffs' loan.

23. Defendants have acted in bad faith, thereby warranting the imposition of punitive damages; furthermore, Defendants bad faith actions have caused Plaintiffs to suffer emotional distress, and therefore, Plaintiffs are entitled to an award of punitive and actual damages.

24. Plaintiffs have been required to hire counsel to obtain the relief requested by this cause of action, and Plaintiffs are entitled to an award of reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief Pursuant to NRS 30.010, et seq.)

25. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this Complaint, incorporate them by reference, and further allege as follows:

26. An actual, ripe and justiciable controversy has arisen and now exists between the parties hereto, in that Defendants assert that their lien claim is valid against the Subject Property.

27. Upon information and belief, Defendants' lien claim is not valid pursuant to any statute and/or all other applicable law.

---

his representative. The court may issue an order imposing such sanctions against the beneficiary of the deed of trust or his representative as the court determines appropriate, including, without limitation, requiring a loan modification in the manner determined proper by the court."

6

28. Plaintiffs seek a declaration from this Court that the Defendants' lien claim is not valid pursuant to any statute and/or all other applicable law.

29. If the Defendants' lien claim is determined to be valid, then Plaintiffs seek a declaration from this Court with respect to the amount of the lien claim.

30. Plaintiffs have been required to hire counsel to obtain the relief requested by this cause of action, and Plaintiffs are entitled to an award of reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF
(Objection to Claim, §§ 501, 502)

31. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this Complaint, incorporate them by reference, and further allege as follows:

32. On or about October 29, 2009, Plaintiffs engaged in Mediation with Defendant US Bank. The Mediation resulted in a finding of bad faith by the Mediator, as Defendant US Bank failed to furnish the required documentation.

33. On or about February 8, 2010, Plaintiffs filed the underlying Chapter 13 bankruptcy case in this Court.

34. Plaintiffs listed a debt and named US Bank as a secured creditor on Schedule D of their Petition.

35. Plaintiffs dispute the debt as Defendant US Bank has proffered no evidence as to being the beneficiary under the deed of trust encumbering the Subject Property.

36. Accordingly, Defendant is not a real party in interest. Defendant has not and cannot proffer evidence that it is a real party in interest in this matter.

37. Plaintiffs further dispute the debt as, upon information and belief, Defendants US Bank has levied and/or is attempting to levy unlawful fees in conjunction with the disputed debt.

38. Defendants US Bank's purported claim is without evidentiary value and is unenforceable against Plaintiffs and Plaintiffs property under any agreement or applicable law pursuant to 11 U.S.C. § 502(b).

39. Plaintiffs have been required to hire counsel to obtain the relief requested by this cause of action, and Plaintiffs are entitled to an award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray for the following relief:

1. That this Court enter judgment against Defendants, and each of them, finding that:

    a. Defendants' conduct violated their responsibilities under NRS 107 as amended by AB 149, Section 1 (2009).

    b. Defendants did not substantially comply with NRS 107.080, as amended by AB 149, Section 1 (effective July 1, 2009) and AB 140, Sections 6.7 and 7 (effective October 1, 2009).

    c. Defendants did not act in good faith as required by NRS 107.080, as amended by AB 149.

2. That this Court enter judgment, imposing sanctions pursuant to NRS 107, as amended by AB 149, Section 1 (2009) including, without limitation:

    a.    Modification of the terms of the loan as follows:

        1.    Setting the loan principal balance to $220,000.00, with a forgiveness of all amounts in arrears;

       2.      Plaintiffs' loan adjusted to a 40 year fully amortized loan at a fixed rate of 2.00%;

       3.      Plaintiffs' new payment, inclusive of principal, interest, taxes, and insurance, of $954.49; with payments to commence on the first day of the month following entry of this Court's Order;

3. Alternatively, that this Court declare that Defendants' lien claim is invalid, or if valid, the amount of Defendants' lien claim;

4. That this Court determine that Defendants' claim should be disallowed in full as either a secured claim or an unsecured claim;

5. That this Court enter judgment against Defendants, and each of them, for Plaintiffs' costs and reasonable attorney's fees incurred herein; and

7. For such other and further relief sanctions as this Court may deem just, equitable and proper.

DATED this 18th day of March, 2010.

           Respectfully submitted:
           **HAINES & KRIEGER, LLC**

           /s/ Micheal J. Brock
           George Haines, Esq.
           Nevada Bar No. 009411
           David Krieger, Esq.
           Nevada Bar No. 009086
           Micheal J. Brock, Esq.
           Nevada Bar No. 009353
           1020 Garces Ave.
           Las Vegas, NV 89101
           Telephone (702) 880-5554
           *Attorneys for Plaintiffs/Debtors*